## CLEVELAND RAILWAY CO v POLSLEY

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10407.   Decided April 14, 1930

Squire, Sanders & Dempsey, Cleveland, for Ry Co.

Bernsteen & Bernsteen, Cleveland, for Polsley.

**SULLIVAN, J.**

Thus it appears that a new case is traceable to the instructions of the court in departing from the issue of negligence raised and substituting therefor a new issue which in and of itself has been the subject of numerous decisions which apply exclusively and arise from the starting of a street car, and this is mentioned because of the distinctive legal force of the introduction of the untried issue in the charge of the court above quoted. Not only once but nine times it appears that the word "starting" was the basis of the court's instructions to the jury to guide it in its deliberation of the issues in the case and these instructions could have no other effect than to divert the jury from the consideration of the real issues raised by the pleadings and the evidence in the case.

It is a well settled proposition of law and elementary in its nature that the court is confined in its instructions to the jury to the issues raised by the pleadings and the evidence and as a rule the issue raised by the pleadings is the sole guide unless there has been a change of the same made by the evidence and if there has been, the court in its discretion may instruct the jury in accordance with the evidence and leave may be given to amend the pleadings but in the case at bar the issues introduced by the court are distinct and material from the issues raised by both the pleadings and the evidence and consequently there can be no other conclusion but that the giving of the instructions under consideration was prejudicial to the rights of the plaintiff in error.

When we come to consider the question as to the verdict and judgment being clearly and manifestly against the weight of the evidence, we are bound by the rule that where there is credible evidence appearing in the record to sustain the verdict that a reversal cannot be had for the reason that thereby it would be invading the province of the jury upon a question of fact which alone appertained to that tribunal.

Whatever the reviewing court's private view may be is immaterial. The question is, does the credible evidence to support the plaintiff's case appear in the record? There can only be a reversal as a matter of law on the question of the weight of the evidence and this cannot be done while there projects from the record credible evidence to support the verdict.

Adhering to this rule we cannot say that there is reversible error with respect to the weight of the evidence but upon the charge of the court as above noted it is our judgment that it was prejudicial error and for this reason the judgment of the lower court is hereby reversed and the cause remanded for further proceedings according to law.

Vickery, PJ., and Levine, J., concur.